**Donna MURRAY, Plaintiff,**

v.

**WORLD SAVINGS BANK, Defendant.**

No. 01–8718–CIV.

United States District Court,
S.D. Florida.

Aug. 7, 2002.

Christopher J. Rush, Rush & Associates, Boynton Beach, FL, for plaintiff.

Eric K. Gabrielle, of Akerman Senterfitt, Fort Lauderdale, FL, for defendant.

## ORDER RE SUMMARY JUDGMENT

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judg-

ment [DE 24]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff is a former employee of Defendant, World Savings Bank. Plaintiff was initially hired in 1994 as a receptionist, but received several promotions over the next few years, to Loan Processor I, Loan Processor II, Telefinance, Loan Representative, Community Loan Offer (lateral move after reorganization), and then in June of 1998, Underwriting Manager (UM). Plaintiff now sues Defendant for violations of the Equal Pay Act,[1] for being paid less as a woman for the years 1999, 2000 and 2001, as compared to similarly situated men, Syd Pachter, Dan Sours and Jim Williams.

According to the parties' Joint Pretrial Stipulation [DE 47], there is no dispute that Plaintiff did not have any prior experience in her job duties prior to joining Defendant than she had while with Defendant, other than dealing with members of the public. More significantly, Plaintiff had no relevant experience for the job of UM, in particular regarding management experience and appraisal experience. The three comparators, Pachter, Sours and Williams, all had prior appraisal experience. Pachter had four and one-half years of appraisal experience plus seven years of management experience. Sours had over 19 years of banking experience, including management and appraisal experience. Williams had one year of appraisal experience, from 1993 to 1994, and then five years of mortgage loan origination and appraisal experience as a Community Loan

Representative before an Underwriting Manager.

Defendant had a compensation policy that stated that the amount an employee is paid is determined by factors including job responsibilities, the related knowledge, skills and experience an employee brings to the job, and the general market rate for similar positions. Defendant's Manager's Guide also states that "salary progression is dependent upon job performance."

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265(1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any doubts in this regard should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. To discharge this burden, the movant must point out to the Court that there is an absence of evi-

---

1. The Complaint as originally filed contained four other counts. Through stipulations by the parties, the only remaining claim is under the Equal Pay Act.

dence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). According to the plain language of Fed. R.Civ.P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202.

### B. Equal Pay Act

Plaintiff claims that while she was employed as an Underwriting Manager, she was graded at the same level or better than Pachter, Sours and/or Williams, but was paid less money than them throughout the three years she was in the position of UM. Defendant argues that this pay differential was based upon the higher ex-

perience levels of the comparators. In addition, Defendant argues that Plaintiff received aggregate raises to the comparators that were of a higher percentage.[2]

 In the Eleventh Circuit:

To establish a prima facie case under the Equal Pay Act, an employee must show that "an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan,* 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974); *Waters v. Turner, Wood & Smith Ins. Agency, Inc.,* 874 F.2d 797, 799 (11th Cir.1989). To establish a prima facie case, a plaintiff need only demonstrate that the jobs at issue are substantially similar; a plaintiff does not have to show that the skills or qualifications of the actual male and female employees holding the positions are also substantially equivalent. See *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1533 (11th Cir.1992) ("[O]nly the skills and qualifications actually needed to perform the jobs are considered."). Moreover, "[t]he prima facie case ... focuses solely on the primary duties of each job, not duties that are incidental or insubstantial," and, although formal job titles or descriptions may be considered, the controlling factor in the court's assessment of whether two jobs are substantially equal must be actual job content. See *id.* Finally, a plaintiff does not have to prove that two jobs are identical but rather must show that the "skill, effort and responsibility required in the performance of the jobs are substantially equal." *Id.* (emphasis added).

---

**2.** Salary progression appears related to job performance, based upon the number of loans

approved or reviewed during a rating period.

*Arrington v. Cobb County,* 139 F.3d 865, 876 (11th Cir.1998).

In this case, there appears no dispute that Plaintiff has met her prima facie case under the Equal Pay Act ("EPA") in that she performed similar duties to male comparators performing the same job.

 However, under the EPA, Defendant can put forth a defense that its different pay structure is due to seniority, merit, quantity or quality of production, or any other fact not related to sex. 29 U.S.C. § 206(d)(1). If Defendant puts forth such a defense, Plaintiff must come forward with affirmative evidence indicating that the proffered reason for the disparity is actually a pretext for sex discrimination. *Schwartz v. Florida Bd. of Regents,* 954 F.2d 620, 623 (11th Cir.1991).

 It is clear that Defendant's pay structure is based in part upon experience, a factor not related to sex. The Eleventh Circuit has held that: "Experience is an acceptable factor other than sex if not used as a pretext for differentiation because of gender." *Irby v. Bittick,* 44 F.3d 949, 956 (11th Cir.1995); [3] *Wollenburg v. Comtech,* 201 F.3d 973, 976 (7th Cir.2000); *Patt v. Family Health Systems, Inc.,* 280 F.3d 749, 753 (7th Cir.2002). It is undisputed that Pachter, Sours and Williams all had more experience in banking and/or appraisals than Plaintiff.[4]

 Plaintiff argues that experience in this instance is a pretext for discrimina-tion, since the UM position does not perform appraisals or manage other employees. Thus, Plaintiff argues that reliance on experience handling appraisals or managing people are simply post-hoc rationalizations for a discriminatory pay structure. Defendant argues that in its business decisions, it is necessary for an underwriting manager, who makes decisions on loan approvals, have an understanding of the value of the collateral for the loan.

In analyzing the case law, in *Irby,* the Eleventh Circuit affirmed a grant of summary judgment based upon the use of experience to justify a salary paid to similarly situated Sheriff's Office investigators whose pay at the Sheriff's Office was based upon higher total pay received when employed by a city. The male comparators, who had previously worked for this same Sheriff in the early '80's, then transferred to work for the city for a few years, and then returned to the Sheriff's office. In an attempt to keep them whole, the Sheriff's office erroneously paid them a salary that combined their city salary and their city overtime pay, thus giving them a much higher salary than the remaining Sheriff's investigators. *Irby,* 44 F.3d at 953. The one female investigator sued for unequal pay. The Eleventh Circuit affirmed a grant of summary judgment because the two male comparators had more experience with the Sheriff's office and with the investigations division.[5]

---

**3.** Though prior salary alone is not an acceptable factor because it perpetuates salary discrepancies. *Irby,* 44 F.3d at 955; *Glenn v. General Motors Corporation,* 841 F.2d 1567, 1571 (11th Cir.1988).

**4.** In terms of time employed by Defendant, Williams had only one year more than Plaintiff. However, Williams' jobs in the appraisal and community loan departments gave him more banking experience than Plaintiff. Williams salary was also only slightly higher than Plaintiff by the 2000–2001 salary period, because Plaintiff had received higher raises than Williams, presumably based upon her higher evaluation rating.

**5.** The dissent in *Irby* would have let the case go to trial because the Sheriff gave a deposition that was inconsistent in the explanation of the male comparators salary, leaving open the issue that the salary was actually based solely on prior salary (that with the city), which is not an acceptable factor under the Equal Pay Act. 44 F.3d at 959.

In *Wollenburg,* the Seventh Circuit concluded that paying a man with 26 years of unrelated supervisory experience more than a woman with 4 years of unrelated supervisory experience was a legitimate, non-discriminatory reason for paying the man more to do the same job for which neither person had related experience. 201 F.3d at 976. The Seventh Circuit stated that it is not the Court's job to judge whether the employer's decision was wise or correct, rather, the issue is whether it is a legitimate reason free of pretext. *Id.*

This Court concludes that the Defendant's motion for summary judgment on the Equal Pay claim should be granted. Whether it is correct that an Underwriting Manager should have appraisal or management experience is not for this Court to decide; whether paying persons with such experience more than someone without such experience is fair is also not for this Court to decide. The Court concludes that it is a legitimate, non-discriminatory reason to make such wage differentials.

In this case, Plaintiff's argument that such reason is a pretext is based solely upon citations to Defendant's pay policies. Plaintiff cannot dispute that the comparators had more time spent in banking positions.[6] Defendant's pay policies do state that salary progression is based upon performance. This is true even in this case. The salary chart included in Plaintiff's opposition memorandum shows that Plaintiff has been receiving comparable raises, both in aggregate and by percentage. See page 9 of Plaintiff's Opposition [DE 41]. While salary progression may be based upon performance, the underlying salary itself may be based upon experience, as is also stated in Defendant's policies. See Joint Pretrial Stipulation [DE 47]. Upon a review of the entire record, the Court concludes that Defendant has proven its salary structure

is based upon experience, without an inference of pretext.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 24] is hereby **GRANTED** as to Count V, Equal Pay Act;

2. The Court will separately enter a judgment on Count V.

## *FINAL SUMMARY JUDGMENT FOR DEFENDANT*

THIS CAUSE is before the Court upon the separately order granting Defendant's Motion for Summary Judgment. Accordingly it is **ORDERED AND ADJUDGED** as follows:

1. Judgment is hereby entered on behalf of Defendant, World Savings Bank, and against the Plaintiff, Donna Donna Murray, and Plaintiff shall take nothing from Defendant as to Count V, Equal Pay Act claim;

2. Since all other claims have been dismissed by the parties in this case, no further relief remains to be granted;

3. Any remaining pending motions are hereby DENIED as moot;

4. The Clerk may close this case.

---

**6.** "Time is a measurable quantity one can

sufficiently rebut." *Irby,* 44 F.3d at 956.