In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2085

ALAN L. JONES,

*Plaintiff-Appellant*,

*v.*

CITY OF SPRINGFIELD, ILLINOIS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 05-C-3312—**Richard Mills**, *Judge.*

ARGUED DECEMBER 17, 2008—DECIDED JANUARY 26, 2009

Before BAUER, POSNER, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Alan Jones, then a patrol officer in the Springfield, Illinois, Police Department, was next in line for promotion to sergeant when the City's promotion eligibility list expired. As a result, the City created a new list and Jones was not promoted to sergeant until two years later. Jones, a white man, sued under Title VII, arguing that he was not promoted because of his race. Jones concedes that when the list expired there was no

vacancy into which he could have been promoted, but argues that in the past the Department had sometimes made promotions before a vacancy became official. Jones contends that an unofficial vacancy existed when the list expired and that had he been black, the City would have promoted him into that unofficial vacancy. The district court granted summary judgment to the City. Because Jones has failed to present evidence showing either that a vacancy actually existed or that the City chose not to create a vacancy for discriminatory reasons, we affirm.

I.

The Springfield Police Department makes promotions from a promotion eligibility list on which officers are ranked based on their scores on a written and oral exam, length of any military service, and seniority in the Department. A new list is created every two years, but the Civil Service Commission may delay the creation of a new list by one year. The list in question here was scheduled to expire on October 5, 2003, but the Commission voted to extend it by one year. A member of the Commission testified in a state court proceeding that the decision was motivated in part by a belief that the extension would increase the chances that a specific black officer would be promoted to sergeant. That black officer, Ralph Harris, was third in line for promotion to sergeant—at the time all sergeants were white males—and might not have ranked as high on a new list. Police Chief Donald Kliment opposed the extension because in the

time since the list had been created, more minority and female officers had become eligible for promotion. Kliment believed that a new list, which included those minority and female officers, would better serve the Department's goal of having a more diverse leadership.

Following the Commission's decision to extend the list, no promotions were made until October 1, 2004, four days before the list's expiration. On that day, the top three patrol officers on the sergeant's eligibility list were promoted to spots opened up by other officers' retirements or promotions. Only one of those three, Officer Harris, was black. Jones, who ranked fourth on the list, was not promoted and the list expired. The Commission then used the scores on a new exam to create a new list on which Jones ranked twelfth.[1] Jones was eventually promoted to sergeant two years later in December 2006.

Although there was no open position for Jones before the list expired, a position appears to have opened shortly after it expired. That position may have opened when, four days after the list's expiration, Patrick Fogleman was officially promoted from lieutenant to deputy chief. Despite the official date of promotion, there is no dispute that Fogleman began training for his new position and assumed some of its duties before the list expired. In the past, the Department had made at least four promotions before an opening was official, and a decision to make

---

[1] The new list is part of the record on appeal, but the record does not contain any information about the race of the officers on that list.

an early promotion to fill Fogleman's lieutenant position would have opened a sergeant slot for Jones. But the Department did not make that decision, and the record contains no evidence explaining how the vacancy created by Fogleman's promotion was filled or whether it was ever filled. The Department has the discretion not to fill a position and had used that discretion a few months earlier to eliminate an open position and redistribute departmental funding.

After the list expired without his being promoted, Jones sued the City under Title VII, 42 U.S.C. § 2000e-5, claiming that he was passed over for promotion because of his race. Jones acknowledged that there was no official vacancy, but pointed out that due to Fogleman's impending promotion, the Department knew that there would be a vacancy shortly after the list's expiration and could have given him an early promotion. He argued that the Department would have given him that early promotion if he were black.

After discovery, the City successfully moved for summary judgment. The district court determined that Jones failed to present evidence showing he could succeed in his Title VII claim under either the direct or indirect methods of proof. *Jones v. City of Springfield*, 540 F. Supp. 2d 1023 (C.D. Ill. 2008). Under the direct method, the court determined that Jones had not presented enough evidence from which a jury could find that his failure to be promoted to sergeant was racially discriminatory; there was evidence of four early promotions in the past, but three of the four promoted officers were white and

only one was black. *Id.* at 1031. Further, the court found that Jones had not identified a similarly situated black officer who was treated more favorably. *Id.* at 1031-32. Jones and Harris ranked next to each other on the list, but, the court explained, they were not similarly situated because there was only one vacant sergeant position to be filled. *Id.* at 1032. Under the indirect method, the court found the City's explanation for not promoting Jones—that there was no open position into which to promote him—was legitimate and nondiscriminatory; that is, it was not a pretext for discrimination. *Id.* at 1034-36.

## II.

On appeal Jones renews his argument that he presented enough evidence to reach a jury under the direct and indirect methods of proving a Title VII violation. *See generally Atanus v. Perry*, 520 F.3d 662, 671-73 (7th Cir. 2008). We review the grant of summary judgment de novo, taking all facts in the light most favorable to Jones, the nonmoving party. *See, e.g., AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008).

Under the direct method of proof, a plaintiff survives summary judgment by showing sufficient evidence, whether it is labeled direct or circumstantial, on which a jury could find that the adverse employment action in question was taken for a discriminatory reason. *Atanus*, 520 F.3d at 671. One type of circumstantial evidence that can demonstrate intentional discrimination is

evidence that "employees similarly situated to the plaintiff other than in the characteristic (pregnancy, sex, race, or whatever) on which an employer is forbidden to base a difference in treatment received systematically better treatment." *Rudin v. Lincoln Land Community College*, 420 F.3d 712, 721 (7th Cir. 2005) (internal quotation omitted). Jones believes that the facts surrounding Harris's promotion reflect such systematically better treatment. But as the district court explained, *Jones*, 540 F. Supp. 2d at 1031-32, Jones and Harris may have had similarities, but they were not similarly situated for the simple reason that Harris was ranked ahead of Jones on the eligibility list. *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 611 (7th Cir. 2006). Jones points to evidence suggesting that race played a role in Harris's promotion: the extension of the eligibility list for one year, the pressure exerted on the Commission by aldermen and representatives of Springfield's black community who wanted a more diverse police force, and statements that Jones says the mayor made to him about his desire to promote Harris because of his race. The City unconvincingly denies that race influenced Harris's promotion, but the motivation behind Harris's promotion is only a secondary question. The primary question is whether Jones can show an improper reason for the City not promoting him.

To show that he was passed over for a promotion based on an improper and discriminatory reason, Jones argues that he presented sufficient evidence for a jury to find that had he been black, the City would have promoted him before the list's expiration. It is safe to assume that Jones's evidence could convince a jury that the City made

certain discretionary moves in order to promote Harris at least partly on account of race.[2] The problem is the next step. Jones believes that there is also enough evidence for a jury to find that the City would have made a different discretionary move—promoting him before a vacancy officially existed—if he were black. But the evidence simply does not support that. As the district court noted, only one of the four known prior instances of early promotions involved a black officer. More importantly, though, the record reveals nothing about the circumstances surrounding any of those early promotions. Jones complains that the City has not explained why it did not give him an early promotion, but that gets the burden backward. Under the direct method, the plaintiff has the burden of proving discrimination. All Jones can prove is that the practice of early promotions exists. He has not shown, for example, that it was used only to promote black officers. He has not even shown why it was ever

---

[2] Jones believes that Harris was promoted before there was an official vacancy, and the district court treated this claim as fact, although it was unclear on the details. *Jones*, 540 F. Supp. 2d at 1031 n.3, 1034. Jones appears to be mistaken. The undisputed evidence actually shows that Harris was promoted to sergeant on October 1, 2004, the same day that Stephen Swetland, the officer Harris was replacing, was promoted to lieutenant. Swetland appears to have been promoted early: the resignation of the lieutenant he replaced was effective one day after Swetland's promotion. But even if Harris had been promoted a day or two before an official vacancy, Jones has not disputed that Harris was promoted into a position that was officially vacant before the eligibility list expired.

used. Thus, as the district court correctly held, *Jones*, 540 F. Supp. 2d at 1031, no jury could find that the City would have given Jones an early promotion if he were black.

Jones also argues under the indirect method of proof that the City's explanation for failing to promote him—that there was no open position—is a pretext for discrimination. Jones makes this argument under the heading of pretext because that is how the district court treated it. After a somewhat muddled discussion of whether Jones could make a prima facie case of discrimination, the court assumed that he could and moved on to pretext, eventually holding that Jones could not rebut the City's legitimate and nondiscriminatory explanation for failing to promote him. *Jones*, 540 F. Supp. 2d at 1032-36. We have cautioned district courts against skipping over the prima facie case and moving directly to pretext. *See Hague v. Thompson Distribution Co.*, 436 F.3d 816, 823 (7th Cir. 2006); *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1178 (7th Cir. 1997). Here, the district court should have considered the availability of an open position under the prima facie case because in a failure-to-promote claim, a prima facie case presupposes the existence of an open position. *See Howard v. Lear Corp. EEDS & Interiors*, 234 F.3d 1002*, 1005-06 (7th Cir. 2000) (*defining second prong of prima facie case in failure-to-promote claim as plaintiff "applied for, and was qualified for an open position").*

The lack of an opening is always a legitimate reason for refusing to hire or promote. *See Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002).

If, for example, no employee is promoted during the relevant time period, a failure-to-promote claim must fail because the claimant cannot argue that he was treated differently than anyone else. *See Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 683 (7th Cir. 2000). In other words, Title VII does not mandate the creation of new positions. *See Hottenroth v. Village of Slinger,* 388 F.3d 1015, 1033 (7th Cir. 2004); *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 127-28 (2d Cir. 2004); *Cooper v. St. Cloud State Univ.,* 226 F.3d 964, 968 (8th Cir. 2000). In rare cases, the decision not to create a position can be discriminatory, but there must be evidence showing that the decision was racially motivated. *See Williams v. Consol. City of Jackson-ville*, 341 F.3d 1261 (11th Cir. 2003). As the discussion above under the direct method shows, Jones has not produced evidence that would support such a showing.

Thus, Jones's claim under the indirect method fails because he cannot show that there was an open position into which he could have been promoted. Jones points to Fogleman, the officer whose impending promotion would have opened a spot into which a sergeant could have been promoted, thereby creating a spot into which Jones could have been promoted. But as explained above, the vacancy created by Fogleman did not exist before the expiration of the promotion eligibility list. Moreover, as the district court explained, Jones has not presented evidence showing that the vacancy was *ever* filled. *Jones*, 540 F. Supp. 2d at 1036. The Police Chief is free to eliminate a position instead of promoting an officer into it; he had done just that a few months earlier in order to redistribute departmental funding. Jones has presented

evidence showing that an open position *could* have been created for him, but he simply has not presented enough evidence from which a jury could find that an open position actually existed. For that reason, he cannot make a prima facie case of discrimination.

## III.

Because Jones failed to present evidence showing that there was an open position into which he could have been promoted or that the City decided not to create a position for him because of his race, we AFFIRM.