Ludwig A. COCO, Plaintiff–Appellant,

v.

ELMWOOD CARE, INC.,
Defendant–Appellee.

No. 97–1697.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 1, 1997.

Decided Nov. 10, 1997.

Robert A. Coco, John J. Franczyk, Jr. (argued), Des Plaines, IL, for Plaintiff–Appellant.

Davi L. Hirsch (argued), Fox & Grove, Chicago, IL, Mark J. Bereyso, Judith S. Sherwin, Levenfeld, Eisenberg, Janger, Glassberg & Samothy, Chicago, IL, for Defendant–Appellee.

Before POSNER, Chief Judge, and ESCHBACH and COFFEY, Circuit Judges.

POSNER, Chief Judge.

The district judge granted summary judgment for the defendant in a discrimination case on the ground that the plaintiff had failed to prove that he was meeting the legitimate expectations of his employer when he was fired. We think this is right, but our main point in writing is to emphasize the importance of the "legitimate expectations" element in the ubiquitous burden-shifting formula of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and, more broadly, to emphasize that the prima facie case under *McDonnell Douglas* must be established and not merely incanted.

The formula is for cases, such as this, where there is no direct evidence of discrimination—here, no admissions by the defendant nursing home, or testimony, that it fired the plaintiff, Coco, because of his age. To stave off summary judgment, Coco had to show that he was performing up to the employer's legitimate expectations, e.g., *Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 892

(7th Cir.1997); *Denisi v. Dominick's Finer Foods, Inc.,* 99 F.3d 860, 864 (7th Cir.1996); *Hidalgo v. Overseas Condado Ins. Agencies, Inc.,* 120 F.3d 328, 332 (1st Cir.1997); *Miller v. Citizens Security Group, Inc.,* 116 F.3d 343, 346 (8th Cir.1997), and that he was replaced by a much younger person; he showed the second but not the first. Had he shown both, the burden would have shifted to the defendant to present evidence of a noninvidious reason for the dismissal, and if the defendant then satisfied *that* burden, the plaintiff, to stave off summary judgment, would have to show that the reason was phony ("pretextual"). *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Actually to prove a violation, the plaintiff would have to persuade the trier of fact that the pretext was a pretext *for discrimination, id.* at 511, 113 S.Ct. at 2749; but the trier of fact could, though it would not be compelled to, infer discrimination from the evidence constituting the prima facie case. *Id.; Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1399–1400 (7th Cir. 1997); *EEOC v. G–K–G, Inc.,* 39 F.3d 740, 747 (7th Cir.1994); *Anderson v. Baxter Healthcare Corp.,* 13 F.3d 1120, 1123–24 (7th Cir.1994); *Mardell v. Harleysville Life Ins. Co.,* 31 F.3d 1221, 1225 n. 6 (3d Cir.1994).

■ We do not reach the pretext stage, however, unless the plaintiff gets over the "legitimate expectations" hurdle, and it is here that confusion begins. The defendant's expectations are not legitimate if they are phony; so if they are argued to be phony, the issue of legitimate expectations and the issue of pretext seem to merge. Coco wants us to merge them—wants us, since he was fired and replaced by a much younger person, to proceed directly to the pretext stage.

To do so would be contrary to the thinking behind the formula. The formula is best understood as derived from a judgment about what evidence would be sufficient to persuade a rational factfinder that the defendant had discriminated against the plaintiff. The judgment is that if the noninvidious reason offered by the defendant is not credible, the factfinder can reasonably, though he need not, infer that the real reason was a discriminatory one. See *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). This judgment would not make sense without imposing certain preconditions. The most obvious is that the plaintiff be a member of a group protected by the antidiscrimination law in question. If he is not, no inference of discrimination can be drawn from the defendant's inability to produce a convincing reason for why the plaintiff was fired or suffered some other adverse personnel action of which he is complaining.

■ Less obvious but still important is that the plaintiff have been performing up to the defendant's expectations. If he was not, the inference that he would not have been fired had he not been a member of a protected group is very weak—so weak that the factfinder should not be allowed to speculate on the motive for the termination if all the plaintiff can produce by way of evidence is that he is a member of a protected group and was replaced by someone from another group (in an age-discrimination case, the group of the "much younger," *O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996); *Hartley v. Wisconsin Bell, Inc., supra,* 124 F.3d at 892). So in such a case the defendant is not put to the burden of stating the reasons for the plaintiff's termination. *Plair v. E.J. Brach & Sons, Inc.,* 105 F.3d 343, 347 (7th Cir.1997); *Mills v. First Federal Savings & Loan Ass'n,* 83 F.3d 833, 844 (7th Cir.1996); *Madison v. Frank,* 966 F.2d 344, 346 (8th Cir.1992); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir. 1990). If the plaintiff has other evidence of discrimination, well and good; but if he has nothing else, and is therefore totally reliant on the *McDonnell Douglas* formula, he is out of luck if he can't show that he was meeting his employer's legitimate expectations.

■ If he gets over that hurdle, the issue of legitimate expectations (meaning simply bona fide expectations, for it is no business of a court in a discrimination case to decide whether an employer demands "too much" of his workers) may indeed merge with the issue of pretext. If the employee presents enough evidence that the expecta-

tions were not bona fide to stave off summary judgment at that early stage and thus to place on the employer the burden of producing reasons for the discharge, that evidence may also show that the reasons that the employer has given for firing the plaintiff are phony. *Texas Dept. of Community Affairs v. Burdine,* supra, 450 U.S. at 255 n. 10, 101 S.Ct. at 1094 n. 10. Firing an employee for failing to meet expectations that the employer never actually had is firing for a phony reason. But should the plaintiff strike out at the first stage by failing to show that he was meeting his employer's bona fide expectations, there is no occasion to go further. That is what happened here. The plaintiff was the maintenance supervisor in a nursing home. He was required to document all safety and other maintenance problems in weekly reports, take care of getting them fixed, and conduct fire and other safety drills. The defendant claimed that Coco was terminated because of deficiencies in all three areas of his responsibility. In other words, the defendant defended on the ground that the plaintiff had not satisfied his burden of showing that he was meeting his employer's legitimate expectations. The plaintiff was obliged to present evidence that he was, so as to demonstrate the existence of a genuine issue of material fact. Had he done so he could have moved on to the next stage and required the defendant to present reasons for the termination.

 Coco argues in effect that even if he wasn't meeting his employer's legitimate expectations, that isn't why he was fired. But he has no direct evidence that age was the real reason or a reason, only that the reasons given by the employer are not entirely credible. For example, his replacement was hired a day *before* Coco was fired; and in firing Coco the defendant failed to follow its internal procedures, which called for progressive discipline. Such evidence would be relevant if Coco could show that he was performing up to his employer's legitimate expectations; but as he cannot, the question of the reason for his discharge does not arise. If your job is to document maintenance problems, arrange for their correction, and conduct fire drills, and you fail to do these things, you are not performing up to your employer's legiti-

mate expectations, and that is the end of your case if *McDonnell Douglas* is all that you have to go on. *McDonnell Douglas* is for cases in which an employee is performing in a satisfactory manner but loses his job anyway and is replaced by someone belonging to a different group from his own; in such a case there is sufficient likelihood of discrimination to make it reasonable to require the defendant to produce evidence of a noninvidious reason for the "discrimination."

 Although the evidence is uncontradicted that Coco was not doing the job for which he had been hired, if he could show that, even so, it was his age that induced the defendant to fire him, he would have a case. For it is not a defense to a discrimination case that the plaintiff *should* have been fired, if he would not have been fired had it not been for discriminatory animus. *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995); *Dranchak v. Akzo Nobel Inc.,* 88 F.3d 457, 461 (7th Cir.1996). But that would be a case in which the plaintiff had direct evidence of discrimination and was not dependent on the *McDonnell Douglas* formula. If the plaintiff has no direct evidence of discrimination and is therefore confined to the formula, he must prove that he was meeting (or at least that there is a genuine issue of whether he was meeting) his employer's bona fide expectations, before he can force the employer to produce the reasons for why he was fired or otherwise subjected to adverse action. He cannot get anywhere in such a case *merely* by trying to prove that he was fired for a reason unrelated to his deficiencies. *St. Mary's Honor Center v. Hicks,* supra, 509 U.S. at 519, 113 S.Ct. at 2753. For that evidence to defeat summary judgment, the plaintiff must have made out a prima facie case under *McDonnell Douglas*.

AFFIRMED.