Victoria **ROBINSON,** Plaintiff–Appellant,

v.

**HONEYWELL, MICRO SWITCH DIVISION,** Defendant–Appellee.

No. 01–1348.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 12, 2002.[*]

Decided Dec. 12, 2002.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Victoria Robinson, an African American, has worked for the Micro Switch Division of Honeywell since 1976. In March 1998 Robinson filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that she had been given an unsatisfactory pay raise because of her race and that she had been subjected to a hostile work environment. Robinson received a right-to-sue letter from the EEOC and, in August 1998, filed this suit in district court. Micro Switch filed a motion for summary judgment, which the district court granted. Robinson appeals, and we affirm.

Robinson alleged in district court that she was the target in several incidents of race discrimination, beginning in the fall of 1996. At that time, she was working second shift at Micro Switch, printing electrical circuits on raw ceramics. Sometime in September 1996, Robinson had a verbal altercation with Mike Entmeier, a white supervisor. Robinson claimed that the argument culminated in Entmeier shoving a notebook against her chest and pushing her. Robinson further claimed that Charmaine Munz, also a white supervisor, had falsely accused her of signing up to work overtime and then not showing up. Munz gave Robinson what she considered a poor evaluation, and an insufficient pay raise, and wrote her up for taking excessive sick days. According to Robinson, Gary Blair, a white male co-worker, had used more sick time than she had, but was not written up and received a higher pay raise than Robinson following that round of employee evaluations. In addition, Robinson claimed, based on reports she heard from co-workers, that the word "nigger" was used widely throughout her department. Finally, Robinson alleged that white supervisors and co-workers retaliated against her because she filed discrimination charges with the EEOC.

At summary judgment the district court determined that Robinson had not produced sufficient evidence to proceed with her claims. The court found that Robinson had made out a prima facie case of race discrimination based on her 1998 performance review and resulting pay raise. But, the court continued, Micro Switch had stated that Robinson received a smaller pay raise than Gary Blair because she had not scored as well as Blair on the performance evaluation, and Robinson had failed to offer evidence that Micro Switch's rationale was pretextual. The court also held that Robinson could not demonstrate that her work environment was objectively hostile because none of the alleged racial slurs had been made in her presence.

Robinson's appellate brief is mostly a litany of disjointed facts. Although her arguments are difficult to discern, she appears to argue that the district court improperly found that she could not establish pretext in Micro Switch's explanation for the disparate pay raise. But Robinson offered no evidence to show pretext other than her own subjective belief that she was as deserving as Blair of a higher pay raise and that racial animus motivated Munz to deny her of it. By themselves, Robinson's own subjective beliefs concerning her qualifications are insufficient to show that Micro Switch's stated reasons for the pay disparity are untruthful. *See Johnson v. Nordstrom,* 260 F.3d 727, 733 (7th Cir. 2001); *Jordan v. Summers,* 205 F.3d 337, 344 n. 9 (7th Cir.2000). The district court concluded correctly that Robinson could not refute Micro Switch's nondiscriminatory rationale for her lower pay raise.

We do not think it was necessary for the district court to reach the pretext issue, however, because Robinson failed to first make out the *prima facie* case required by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Coco v. Elmwood Care, Inc.,* 128 F.3d 1177, 1179 (7th Cir. 1997). To satisfy the *McDonnell Douglas* test, Robinson needed to identify at least one similarly situated white individual who received more favorable treatment than she did. *Dunn v. Nordstrom, Inc.,* 260 F.3d 778, 784 (7th Cir.2001). The district court considered Robinson and Blair to be similarly situated. It is true that, at their performance reviews, both Robinson and Blair received an overall rating of "Consistently Meets Expectations." But Robinson received the lowest possible rating, "skill-building," in three subcategories while Blair received that rating in only one subcategory. Because Blair received a more favorable evaluation than Robinson, the two were not similarly situated.

Robinson also seems to argue that the district court erred in finding that any claim based on the September 1996 incident with Entmeier would be time-barred. But she does not tell us what she considers wrong with the court's finding on this point. Nor does she offer any argument as to how the court erred in granting summary judgment on her retaliation claim. Because these issues are undeveloped, we do not address them.

AFFIRMED.