Lauretta T. WEEMS, Plaintiff–
Appellant,

v.

John E. POTTER,* Postmaster
General, Defendant–
Appellee.

No. 02–4176.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2003.**

Decided June 18, 2003.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(1), John E. Potter has been substituted for William J. Henderson, who was sued in his official capacity.

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

**735**

Before CUDAHY, POSNER, and RIPPLE, Circuit Judges.

**ORDER**

Lauretta Weems failed to successfully complete her training before her 90–day probationary period ended with the United States Postal Service, and so the Postal Service terminated her. Weems contends that her termination was based upon her race (African–American) and age (then 48) because younger white employees were not terminated even though they also failed to complete their training. She sued, but the district court granted summary judgment to the Postal Service because she could not establish a *prima facie* case of discrimination. We affirm.

The following facts are undisputed. The Postal Service hired Weems in July 1998 for a 90–day probationary period. In order to become a permanent employee, Weems needed to successfully complete five phases of training during her probationary period. Weems successfully completed the first three phases but not the phase that trained employees how to operate the machines that sort the mail. On September 25, the Postal Service sent Weems a letter notifying her that she was being terminated effective October 3. On September 30, the Postal Service delivered to her home a second letter, this one notifying her that she was being terminated immediately. The Postal Service says it revised Weems' termination date after discovering that September 30 was the last day of her probationary period; if it did not terminate her by that date, she would become protected by a collective bargaining agreement.

After exhausting her administrative remedies with the EEOC, Weems filed suit alleging race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* The Postal Service moved for summary judgment, arguing that Weems could not establish a *prima facie* case of discrimination. The district court denied the motion because a factual dispute existed regarding one of the prongs of the *prima facie* test–namely, whether Weems was meeting the expectations of her employer that could fairly be characterized as legitimate. (The court held that the legitimacy of the Postal Service's expectation–that Weems complete her training–was called into question by Weems' evidence that the Postal Service did not terminate younger probationary employees who did not complete their training.)

Although the court denied the motion for summary judgment, it allowed the Postal Service to file an "amended reply brief" in order to address whether "circumstances exist warranting reconsideration of this decision." The Postal Service did so, and based on its submission the court granted summary judgment. The court determined that Weems could not show that other non-terminated probationary employees were similarly situated to her.

We review the district court's decision to grant summary judgment *de novo*. *Adams v. Wal–Mart Stores, Inc.*, 324 F.3d 935, 938 (7th Cir.2003). In doing so, we

examine the evidence and draw all reasonable inferences in Weems' favor. *Id.*

■ Weems takes issue with the court's conclusion that she could not establish a *prima facie* case because she failed to identify any similarly situated employees who were treated more favorably than her. To demonstrate that employees are similarly situated, a plaintiff must show that the employees are directly comparable in all material respects. *Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 680 (7th Cir.2002). She must show not only that the employees reported to the same supervisor, engaged in the same conduct, and had the same qualifications, but also show that there were no "differentiating or mitigating circumstances as would distinguish ... the employer's treatment of them." *Radue v. Kimberly–Clark Corp.,* 219 F.3d 612, 617–18 (7th Cir.2000).

Weems identified four employees whom she argues were similarly situated to her because they too failed to complete their training, but were treated more favorably. But two of those employees–Kristie Scott and Lisa Penick–were not similarly situated to Weems because the Postal Service miscalculated the end of their probationary periods. As a result, their termination notices were sent after they had already became nonprobationary employees protected by the collective bargaining agreement; under the terms of the CBA, the termination notices they received were ineffective. Weems, on the other hand, received her termination notice while she was still a probationary employee. A third employee identified by Weems–Ples Honeywood–was not similarly situated because he transferred to a different position that did not require him to complete all phases of training. A fourth employee, Wendy Rostovski, was terminated for failing to complete the required training, and therefore was not treated more favorably than Weems.

■ Weems also argues generally that the district court should not have granted summary judgment because she offered evidence that the Postal Service engaged in a pattern of discriminating against older African–American women. Weems' evidence of a pattern of discrimination against older African–American women might be relevant to the issue of pretext because it might undermine the Postal Service's reason for terminating her. *Bell v. EPA.,* 232 F.3d 546, 552–53 (7th Cir. 2000). But Weems failed to establish a *prima facie* case of discrimination, which she must do before proceeding to the issue of pretext. *Coco v. Elmwood Care, Inc.,* 128 F.3d 1177, 1179–80 (7th Cir.1997).

Finally, Weems argues that the district court abused its discretion under Federal Rule of Civil Procedure 15(c) by allowing the Postal Service to amend its reply brief on summary judgment. However, Rule 15(c) governs only the amendment of complaints, not briefs. Weems cites no relevant legal authority to support her argument that the district court should not have allowed the Postal Service to amend its brief and therefore the argument is waived. *Boomer v. AT & T Corp.,* 309 F.3d 404, 422 n. 10 (7th Cir.2002).

Accordingly, we AFFIRM the judgment of the district court.