**Dorothy JOHNSON, Plaintiff–Appellant,**

v.

**ST. JOHN'S HOSPITAL, Defendant–Appellee.**

No. 03–3183.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

Rehearing Denied March 3, 2004.

Dorothy M. Johnson, pro se, Springfield, IL, for Plaintiff–Appellant.

Stephanie L. Dodge, Stickler & Nelson, Chicago, IL, for Defendant–Appellee.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

ORDER

Dorothy Johnson applied for employment as a Licensed Practical Nurse at St. John's Hospital in May 2000, but was not hired or given a chance to interview. Johnson–who had previously worked for St. John's before injuring her back on the job in 1980–filed a complaint alleging that St. John's failed to hire her because of her disability. The district court granted summary judgment to St. John's after finding that Johnson did not present a prima facie case of employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* We affirm.

Johnson's back injury restricts her from lifting more than 20 pounds. When she sought work at St. John's in 2000, Johnson did not front this restriction on her application or otherwise notify hospital personnel about her disability. She did list St. John's as a former employer on her application, along with three more recent employers–including one that fired her–but requested that they not be contacted. She also stated that she could work only on Sunday through Tuesday, on the night shift. St. John's requires that LPN applicants be available to work weekends, have adequate employment references, and a positive work history.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

St. John's Nursing Recruiter, Amy Yeates, reviewed Johnson's application and determined that, because Johnson's work history could not be verified and she was unwilling to work Saturdays, she was not qualified for the LPN position. Yeates notified Johnson by letter that she would not be interviewed. Yeates later stated that she did not consult with anyone at St. John's about Johnson's application and that she decided not to hire based solely on the information Johnson gave in her application.

Johnson did not offer any direct evidence of employment discrimination. Instead she relied on the *McDonnell Douglas* burden shifting approach to prove her claim. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Lawson v. CSX Transp., Inc.,* 245 F.3d 916, 922 (7th Cir. 2001). In applying the *McDonnell Douglas* test to Johnson's claim under the ADA, the district court concluded that Johnson could not establish that: (1) she was disabled, (2) she was qualified for the LPN position at St. John's given her employment history and unwillingness to work Saturdays, and (3) Yeates knew about her disability. Thus the court reasoned that Johnson had failed to present a prima facie case of discrimination and granted summary judgment to St. John's.

On appeal Johnson argues that she is disabled, and that, because she previously worked for St. John's, Yeates must have known about her disability and decided not to hire her because of it. Thus, says Johnson, any other reason St. John's offered must have been pretextual. This argument, however, is based on speculation about St. John's underlying motives, an inappropriate inquiry–absent direct evidence of discrimination–unless Johnson first makes out a prima facie case of discrimination, *see Coco v. Elmwood Care, Inc.,* 128 F.3d 1177, 1179 (7th Cir.1997),

which she failed to do. Moreover, even putting aside the district court's conclusion that Johnson lacked evidence of a disability, Johnson does not argue that she met St. John's qualifications or that those qualifications are somehow "phony" or not bona fide. *See id.* at 1179–80. For that reason alone she failed to demonstrate a prima facie case of discrimination, and we need not examine her claim any further. *See id.; see also Waggoner v. Olin Corp.,* 169 F.3d 481, 484 (7th Cir.1999) (disabled person must also meet employer's job qualifications to show prima facie case of employment discrimination under the ADA); *DePaoli v. Abbott Labs.,* 140 F.3d 668, 674 (7th Cir.1998) (same).

AFFIRMED