**James FARR, Plaintiff–Appellant,**

v.

**RENAISSANCE HOTEL OPERATING CO., INC., Defendant–Appellee.**

No. 03–3417.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 2004.*

Decided March 5, 2004.

James Farr, Chicago, IL, pro se.

Edward C. Jepson, Jr., Mary C. O'Neil, Vedder, Price, Kaufman & Kammholz, Chicago, IL, for Defendant–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

**ORDER**

After Renaissance Hotels fired James Farr from his job as a laundry room attendant, he sued the company and several management employees under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Farr alleged that the defendants had discriminated against him on the basis of his disability and his race, and retaliated against him for filing a charge of discrimination with the EEOC. After the district court dismissed the race discrimination claim and the individual defendants from the case pursuant to 28 U.S.C. § 1915(e)(2), Renaissance moved for summary judgment on Farr's remaining claims. The court granted the motion with respect to Farr's ADA claim, but because the court thought that Farr's complaint would state a claim for retaliation if Renaissance had fired Farr because of his EEOC charge, the court gave Farr another chance to respond to this section of Renaissance's motion for summary judgment. After Farr had responded, the court granted the motion. The court assumed that Farr had established a prima facie case of retaliation but decided that he

---

* After examining the briefs and record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

could not prove that Renaissance's nondiscriminatory reason for terminating him, his tardiness and multiple written warnings, was pretextual.

On appeal Farr appears to disagree only with the grant of summary judgment on his retaliation claim. In his brief, though, he simply identifies, without citation or explanation, two Renaissance employees who were arrested but not fired, and another who was fired and then rehired. Even if we assume that Farr's brief complies with Federal Rule of Appellate Procedure 28(a)(9)(A), *cf. Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), we conclude that the district court did not err in granting summary judgment on Farr's retaliation claim. One of the elements that a plaintiff is required to prove to establish a prima facie case of retaliation is that he was performing up to his employer's legitimate expectations. *See Haywood v. Lucent Technologies, Inc.*, 323 F.3d 524, 531–32 (7th Cir.2003). However, Farr did not dispute that he was late to work on numerous occasions, that he had been issued three written warnings pursuant to Renaissance policy, and that pursuant to this policy he had been suspended and fired only after the third written warning. Farr's failure to perform his job up to expectations removes any inference of retaliation on the part of Renaissance when it fired him. *See id.* at 531; *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1178–79 (7th Cir.1997).

AFFIRMED.