NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 10, 2007[*]
Decided May 17, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3039

| | |
|---|---|
| ALSHONETTE T. PLUMMER,<br>*Plaintiff-Appellant,*<br><br>v.<br><br>JOHN E. POTTER, Postmaster<br>General of the U.S. Postal Service,<br>*Defendant-Appellee.* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division.<br><br>No. 05 C 4956<br><br>Suzanne B. Conlon,<br>*Judge.* |

**O R D E R**

Alshonette Plummer sued her employer, the United States Postal Service, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.*, alleging that she was excessively disciplined on account of her race. The district court granted summary judgment for the Postal Service after it determined that Plummer failed to establish a prima facie case of racial discrimination. We affirm.

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We review the facts in a light most favorable to Plummer. *See Smith v. Potter*, 445 F.3d 1000, 1006 (7th Cir. 2006). Plummer, an African American letter carrier at the Oak Brook, Illinois post office, sustained a work-related injury to her back in December 2003. She remained off work the following month, and her doctor placed a series of restrictions on her physical activity. Investigators from the Postal Service, however, conducted surveillance on Plummer during this time, and caught her on video engaging in activities such as driving, sweeping her garage, and carrying trash bags and groceries. After consulting with Plummer's doctor about her activities captured on tape, the Postal Service determined that Plummer's behavior exceeded her health restrictions. On January 20, 2004, when Plummer returned to work, her supervisor asked her about the activities the investigators had observed. Plummer initially denied engaging in the activities, but admitted to them once her supervisor confronted her with the investigators' video. Plummer was then placed on off-duty status without pay for misrepresenting her medical condition and lying in response to her supervisor's inquiries. One month later she was terminated. Plummer appealed her termination by filing a grievance with her labor union. The Postal Service and the union resolved the grievance by agreeing to suspend Plummer for 118 days without pay instead of terminating her.

Plummer sued under Title VII, alleging that she was excessively disciplined solely because of her race. She proceeded under the indirect method of proof alone, and the Postal Service conceded that she belonged to a protected class, was performing up to expectations prior to the time of her injury, and suffered an adverse employment action. *See Brewer v. Bd. of Trs. Of Univ. of Illinois*, 479 F.3d 908, 915 (7th Cir. 2007); *Brummett v. Sinclair Broad. Group*, 414 F.3d 686, 692 (7th Cir. 2005). This left only the question whether Plummer was treated differently from similarly situated employees outside her protected class. *See Brewer*, 479 F.3d at 915; *Brummett*, 414 F.3d at 692. The district court granted summary judgment for the Postal Service after determining that Plummer did not offer evidence of any similarly situated white employees who received more favorable treatment.

On appeal, Plummer argues that the district court erred in determining that she failed to identify any similarly situated employees. She names five white employees disciplined by the Postal Service who all received significantly shorter suspensions or suspensions with pay after completing the same union grievance procedure that she did. She argues that evidence of these employees satisfies the similarly-situated prong of the prima facie test.

The district court correctly found, however, that the employees identified by Plummer were not similarly situated to her. To be similarly situated, another employee must be comparable "in all material respects." *See Brummett*, 414 F.3d at 692. This includes a showing that the employee held the same type of job, was disciplined by the same supervisor, was subject to the same standards, had

comparable experience and qualifications, and had engaged in the same conduct without differentiating or mitigating circumstances. *See Brummett*, 414 F.3d at 692; *Ezell v. Potter*, 400 F.3d 1041, 1049-50 (7thCir. 2005); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617-18 (7th Cir. 2000). Four of the employees identified by Plummer do not meet this standard because they were disciplined for incomparable behavior: continually being late and absent, soliciting tips from mail recipients, and making threatening statements to other employees. The final employee was disciplined like Plummer for misrepresenting his medical condition after an injury, but he worked at a different office and was disciplined by different supervisors. Discipline from a different supervisor "sheds no light" on the disciplinary decision in this case. *See Little v. Illinois Dep't of Revenue*, 369 F.3d 1007, 1012 (7th Cir. 2004).

Plummer also argues that the Postal Service's proffered reason for her discipline—that she lied about her medical condition and her filmed activities to her supervisor—is pretextual. Because Plummer failed to meet her burden to establish a prima facie case, the district court was not obligated to consider whether the Postal Service's proffered reason for disciplining Plummer was pretextual. *See Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179 (7th Cir. 1997). Nonetheless, we note that Plummer did not produce evidence that the government's reasons were a lie. *See Brummett*, 414 F.3d at 692; *Little*, 369 F.3d at 1012. Quite to the contrary, the record suggests both that the Postal Service believed that Plummer felt better than she was letting on, and that her dishonesty was the motivating factor for her discipline, not her race.

AFFIRMED.