NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2007[*]
Decided November 2, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1605

| | |
|---|---|
| JEROME J. NOWAK, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Northern |
| | District of Illinois, Western Division |
| *v.* | |
| | No. 05 C 50161 |
| TRANSPORTATION JOINT | |
| AGREEMENT OF COMMUNITY | Philip G. Reinhard, |
| CONSOLIDATED SCHOOL | *Judge.* |
| DISTRICT NO. 47 AND | |
| COMMUNITY HIGH SCHOOL | |
| DISTRICT NO. 155, | |
| *Defendant-Appellee.* | |

**O R D E R**

Transportation Joint Association ("TJA"), a cooperative formed by two northern Illinois school districts to bus their students, hired Jerome Nowak as a driver on a probationary basis. He reported for training at the end of July 2002 but

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

was terminated on his second day. In this action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634, and Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e to 2000e-17, Nowak claims that TJA fired him on account of his age and gender. The district court granted summary judgment for TJA, and we affirm.

Nowak was 45 when he accepted a job with TJA. At the time he had three years' experience driving a bus for a different school district, and twice before he had declined offers of employment from the defendant. Nowak started his training with two other probationary drivers, 52-year-old Sheila Cudworth and 31-year-old Daniel Lahl. At summary judgment, TJA submitted evidence that several times during the first day of training Nowak questioned the correctness of instructions given the trainees by TJA employees Brenda Kroll and Penny Prestley. The other trainees did not challenge the instructors' directions. Kroll and Prestley ended the session by privately admonishing Nowak for being disruptive, and afterward they reported to their supervisor, Kathy Smith, that Nowak had been belligerent and argumentative, and that his comments during the training session left them concerned that he would not follow Illinois law or TJA's safety policies. According to the defendant's evidence, Smith immediately passed on these concerns to Dr. Ronald Erdman, the executive director of TJA, who spoke with Kroll and Prestley and then decided that Nowak should be fired. Smith communicated that decision to Nowak the next day.

TJA notified Nowak when it moved for summary judgment that his response must comply with the district court's Local Rule 56.1. That rule requires, among other things, that the opponent of a motion for summary judgment submit a supporting memorandum of law. See N.D. Ill. Loc. R. 56.1(b)(2). Nowak did not provide the court with a memorandum setting out his legal arguments. And in his response to TJA's statement of uncontested facts, he did not deny that he contradicted his trainers or that they reported to Smith and Erdman that he was combative during the training session.

In granting summary judgment for TJA, the district court observed that the absence of a memorandum of law from Nowak had hampered the court's ability to understand his response to TJA's statement of uncontested facts. The omission of the required memorandum, the court explained, was reason enough to grant TJA's motion. The court, added, however, that even aside from the rule violation Nowak lacked sufficient evidence to warrant a trial on his claims of age and gender discrimination.

On appeal Nowak says nothing about Local Rule 56.1, but the district court's application of that rule, which we review only for abuse of discretion, *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001), is reason enough to sustain the judgment.

A district court may insist upon strict adherence to its local rules even from a *pro se* litigant, *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004), and if a party opposing summary judgment fails to comply with its obligations under Local Rule 56.1, the court may in its discretion deem the motion unopposed, see *Greer*, 267 F.3d at 727. Local Rule 56.1(b)(2) requires the opponent of a motion for summary judgment to file a supporting memorandum of law. Nowak did not comply, and on that basis alone the district court was within its authority to grant summary judgment to TJA.

In any event, the district court analyzed the parties' evidence and concluded that TJA was entitled to summary judgment. We agree. Nowak argues here that he was proceeding under the indirect method of proof and that his evidence established a prima facie case of age and gender discrimination. See *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir. 2006); *Gore v. Ind. Univ.*, 416 F.3d 590, 592 (7th Cir. 2005). But there is no evidence to dispute that TJA fired Nowak because the employees tasked with training him concluded that his confrontational style was rude and disruptive, and signaled the possibility that he would take it upon himself to disregard Illinois or TJA safety mandates that he deemed ill-advised. Whether we view this evidence through the lens of the prima facie case or in terms of pretext, it is clear that Nowak was not performing up to TJA's legitimate expectations, and that he presented nothing to refute their contention that he was fired for that reason and no other. See *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006); *Coco v. Elmwood Care Inc.*, 128 F.3d 1177, 1179 (7th Cir. 1997).

Nowak spends much of his brief arguing that his criticisms of Kroll and Prestley's directives were valid, and that TJA should have listened to him instead of firing him. But insisting on the invalidity of the TJA's safety curriculum simply reinforces the sincerity of TJA's stated reason for his termination. In any event, the argument misses the mark. The relevant inquiry is whether there is evidence from which a finder of fact reasonably could conclude that the decision to end Nowak's employment was unlawful; whether it was wise or even fair is not for the courts to decide. See *Ptasznik*, 464 F.3d at 697.

AFFIRMED.