NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 16, 2009[*]
DecidedApril 17, 2009

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3348

| | |
|---|---|
| KENNETH L. JOHNSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-0567-LJM-JMS |
| JOHN E. POTTER, | |
| Postmaster General of the United States, | Larry J. McKinney, |
| *Defendant-Appellee.* | *Judge*. |

**O R D E R**

Kenneth Johnson claims that the United States Postal Service terminated his employment because he is black.  *See* 42 U.S.C. § 2000e-2(a)(1).  The district court granted summary judgment to the Postal Service, and we affirm.

---

[*]  After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

Johnson had worked for several years with the Postal Service before resigning in 2003.  He was rehired in October 2004 as a letter carrier, subject to a 90-day period of probation.  In mid-January 2005, the office manager for a doctor on Johnson's route complained that Johnson had yelled at her and acted in a threatening manner.  Robert Booher, manager of customer service and Johnson's second-level supervisor, initiated an investigation.  Two postal inspectors interviewed the office manager, who also stated that Johnson had physically shoved patients in her waiting area.  Two supervisors, Mark Stevens and Ronald Lair, interviewed Johnson, who acknowledged that he had a disagreement with a customer but denied any pushing or yelling.  Stevens also called two employment references Johnson had provided, and both gave unfavorable assessments.  Based on this investigation, Stevens and Booher concluded that Johnson had engaged in unacceptable conduct during his probationary period and should be discharged.  On January 26, one day before his probation period would have ended, the Postal Service terminated his employment, citing unacceptable conduct based on the altercation with the customer.

After Johnson exhausted his administrative remedies, he filed suit in the district court.  The Postal Service moved for summary judgment, attaching transcripts of Johnson's interview and deposition; sworn statements from Booher, Lair, and Stevens; a record of the customer's complaint; and the customer's written statement.  Johnson, who relied on the indirect, burden-shifting analysis outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), did not submit any relevant evidence in response.  The district court granted the Postal Service's motion, concluding that Johnson had not established a prima facie case of discrimination because he lacked evidence that he was meeting his employer's legitimate expectations or that similarly situated employees were treated differently.

To establish a prima facie case, an employee must show that (1) he is a member of a protected class, (2) he performed his job satisfactorily, (3) he suffered an adverse employment action, and (4) the employer treated similarly situated employees outside of his protected class more favorably.  *Maclin v. SBC Ameritech*, 520 F.3d 781, 787 (7th Cir. 2008); *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007).  If he succeeds, the employer must offer a legitimate, nondiscriminatory reason for the action, and summary judgment for the employer will then be appropriate unless the employee counters with evidence suggesting that the asserted basis for the adverse action is actually a pretext for a discrimination.  *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 751, 754 (7th Cir. 2006).  On appeal, Johnson argues that the district court erred in concluding that he was not meeting the Postal Service's legitimate expectations.

Johnson does not challenge in his opening brief the district court's conclusion that he also failed to introduce evidence of a similarly situated employee who was treated more

favorably, and that is reason enough to affirm the judgment. *See Maher v. City of Chi.*, 547 F.3d 817, 821 (7th Cir. 2008); *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998). Moreover, the court's analysis of the performance element is sound. Whether or not Johnson was meeting the Postal Services's expectations is a question that goes both to the second prong of the prima facie case and to the question of pretext, *see Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 823 (7th Cir. 2006); *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179-80 (7th Cir. 1997), but either way we view it, the result is the same. Booher, Stevens, and Lair provided declarations detailing the customer's complaint and their ensuing investigation. That investigation substantiated the complaint, and Booher and Stevens then concluded Johnson had behaved unacceptably toward a customer during his probationary period and should be discharged. Johnson provided no evidence to suggest that their account is inaccurate or that his race had anything to do with the decision. Instead, he contends that the customer complaint was not adequately proven and that under the Postal Service's progressive discipline policy he should have received a lesser punishment. But we evaluate only whether the employer honestly believed the justification it gave for discharging him, not whether it was consistent with the employer's own policies, fair, or even correct. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 541 (7th Cir. 2007); *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 410-11 (7th Cir. 1997). Summary judgment for the Postal Service was therefore appropriate.

We have considered Johnson's other arguments and conclude they are meritless.

AFFIRMED.